IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 5:25-CV-00044-M-KS

SHAWN MARTIN,

     Plaintiff,

v.

FRANK BISIGNANO,
*Commissioner of Social Security*,

     Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation (M&R) issued by United States Magistrate Judge Kimberly A. Swank. DE 13. Judge Swank recommends that this court affirm the final decision of the Commissioner. *Id.* Plaintiff filed a timely objection to the M&R, contending that Judge Swank erred in determining that "the administrative law judge (ALJ) did not err in evaluating [Plaintiff]'s lumbar spine impairment and his headaches." DE 14 at 1. After a de novo review, the court finds that the M&R contains no error, overrules Plaintiff's objection, and adopts in full the rationale and conclusion of the M&R.

## I. Standard of Review

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a

specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Security Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). Evidence is substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This does not require "a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Instead, the evidence must be "more than a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Although a court should not "reflexively rubber-stamp the ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. It is enough for the reviewing court to ensure that the ALJ "buil[t] an accurate and logical bridge from the evidence to their conclusions." *Id.* (cleaned up).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## II. Analysis

Plaintiff raises two objections to Judge Swank's determination that the ALJ did not err with respect to Plaintiff's spine injury. First, Plaintiff argues that "the [ALJ] decision never reconciled the 2023 MRI evidence of nerve root compression and the worsening clinical impression with the RFC narrative and function-by-function conclusions." DE 14 at 3. This objection seems aimed at the ALJ's conclusion that Plaintiff's "statements concerning [his symptoms] are not entirely consistent with the [objective] medical evidence and other evidence in the record." DE 6 at 52. The 2023 MRI evidence, Plaintiff argues, provides "probative objective evidence . . . of worsening pathology" that is consistent with Plaintiff's subjective description of his pain. *Cf.* DE 14 at 3. But the ALJ did consider the "June 2023 MRI report" which "confirm[ed] L-5 root compression;" she just also discounted it because Plaintiff "retain[ed] full strength of all extremities" and "sensation [that] is intact to light touch." DE 6 at 55. Plaintiff's argument, then, is little more than an effort to contest how the ALJ weighed the evidence in front of her. And this court may not "re-weigh conflicting evidence . . . or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95.

Second, Plaintiff disputes the ALJ's treatment of his "non-work activities;" as Plaintiff tells it, not only do these "sporadic" mere "attempt[s]" at activities have nothing to do with his ability to "perform work on a regular and continuing basis," but they also "corroborate[] [Plaintiff's] account of worsening lumbar symptoms rather than undermining it." DE 14 at 4–6. In other words, Plaintiff disagrees with how the ALJ weighed the evidence before her. This objection, again, asks the court to substitute its own judgement for that of the ALJ, which this court may not do. *Arakas*, 983 F.3d at 95.

Plaintiff objects to Judge Swank's determination that the ALJ did not err with respect to Plaintiff's headaches, arguing that the ALJ never "made the findings that matter in an episodic headache case: how often the headaches occur, how severe they are when they occur, and what that means for attendance, on-task persistence, and the need for daytime naps." DE 14 at 7. To support this contention, Plaintiff principally relies on *Woody v. Kijakazi*, an unpublished opinion from the Fourth Circuit holding that an ALJ committed reversible error by failing to make specific factual findings regarding "how often [the claimant] would be absent from work due to the frequency and severity of her headaches." No. 22-1437, 2023 WL 5745359 at *1 (4th Cir. Sept. 6, 2023). Plaintiff misconstrues *Woody* as mandating that an ALJ must always make explicit and specific findings as to the frequency and severity of a claimant's headaches. That is wrong. As Judge Swank correctly explained, the ALJ in *Woody* did not mention the claimant's headaches *at all*, thus preventing effective review of the ALJ's determinations. *See id.* (In declining to discuss the claimant's headaches, the ALJ failed "to explain how . . . the evidence supported his finding that the limitations included in the RFC sufficiently accounted for Woody's impairments.").

That is not the case here. The ALJ determined that Plaintiff's "headaches fail to meet or medically equal Listing 11.00 of Appendix 1 impairments." DE 6 at 50. In making that determination, the ALJ explained that she had specifically considered the "severity and duration" of the headaches, DE 6 at 50, noting that Plaintiff "reported having a headache for about one week in a month and that they make it difficult for him to sleep." DE 6 at 52. However, the ALJ explained that the reported duration and severity were not so severe as to "prevent function," yet nevertheless crafted an RFC to account for them—limiting Plaintiff's "exertion, postural activity, exposure to hazards, driving, and exposure to loud noise environments." DE 6 at 55. Substantial

4

evidence supports these findings, and this court will not now re-weigh the evidence already properly considered by the ALJ.

### III. Conclusion

For the foregoing reasons, the court ADOPTS the M&R in full and AFFIRMS the final decision of the Commissioner. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant, forward a copy of this order to Plaintiff and counsel of record, and close the case.

SO ORDERED this ___30th___ day of March, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

5